## In re Royersford Trust Company

*Kratz, Hillegass & Moran,* for petitioners; *Joseph K. Fornance,* contra.

KNIGHT, P. J., November 23, 1934.—This petition, filed on May 21, 1934, by Solomon Good, John Kolb, and Henry Good, trustees of the Vincent Mennonite Church, prays that they be permitted to file exceptions nunc pro tunc to the second and partial account of William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania and receiver of Royersford Trust Company, filed on April 7, 1934.

The exceptions thus sought to be filed object to the listing by the accountant of the sum of $74,118.73 as a general asset of the trust company, this sum having been collected by the receiver from Aetna Casualty & Surety Company on a fidelity bond for certain losses sustained by the trust company by the embezzlement by employes of the trust company of, inter alia, the $4,700 trust fund of the petitioners. The petitioners assign, as cause for their failure to file exceptions within the 30-day period allowed by statute, the fact that the accountant did not give them specific notice to the effect that the sum so collected would be listed as a general asset of the trust company.

The answer to the petition filed by the accounting receiver expressly admits that no such specific notice was given to the petitioning trustees. It avers, how-

ever, that the accountant gave the petitioners due notice of the filing of the second and partial account of the Secretary of Banking as receiver of Royersford Trust Company, on or about April 7, 1934, both by printed notice duly mailed to them and by advertisement, in compliance with the provisions of section 1007 of the Department of Banking Code of May 15, 1933, P. L. 565.

The depositions taken in the matter show the facts to be as averred in the answer. The accountant gave the requisite legal notice of the filing of his second and partial account, by advertisement and by printed notice to the petitioners. John Kolb, one of the petitioning trustees, admitted that he received the printed notice of the filing of the account. As admitted, the receiver gave the petitioners no specific notice that the sum collected from the bonding company would be listed as a general asset of the trust company.

The question presented is thus a narrow one. Were the petitioners entitled to specific notice to the effect that the sum collected from the bonding company would be listed as a general asset of the trust company?

To support their position, counsel for the petitioners contend that, since in the sworn claim made by the Secretary of Banking, as receiver, against the bonding company the trust fund of the petitioners was set forth as having been embezzled from the trust department of the bank, reimbursement on this account constitutes a trust fund, with respect to which the accountant is trustee and the petitioners are cestuis que trustent. Further, they argue, this relation of trust and confidence made it the duty of the alleged trustee accountant to disclose all information concerning this trust fund, particularly notice to the effect that the fund they now claim as a trust fund was to be included in the second and partial account filed.

This argument assumes that the sum paid by the bonding company to the accountant, to reimburse the trust company for the loss by embezzlement of the trust fund of the petitioners, is itself a trust fund. Whether it is or not depends entirely upon the terms of the fidelity bond. If the bond named as obligee Royersford Trust Company, without more, any money collected from the bonding company by the trust company would be but a general asset of the latter. On the other hand, if the bond named as obligee Royersford Trust Company as trustee for certain cestuis que trustent, then a different situation would be presented. Only in the latter alternative would the specific fund recovered from the bonding company constitute a trust fund for the benefit of the petitioners, provided that they were among the cestuis que trustent indicated.

An inspection of the bond, which was introduced in evidence, clearly shows that it belongs to the former classification. The obligee named is Royersford Trust Company, without more. The contract was not made by the trust company as trustee for any one. The instrument shows that only Royersford Trust Company is entitled to any beneficial interest therein. Hence, any sum collected on the bond is not a trust fund. This failure of proof in establishing a trust fund of which the petitioners are cestuis que trustent necessarily removes any duty of disclosure or notice predicated upon the existence of such a trust fund. For this reason, the conclusion is reached that the petitioners were not entitled to any specific notice relative to a trust fund which they alleged, but failed to prove, existed.

We recognize that the above is contrary to the dicta of this court on the question now before us. We thought that the equitable thing to do was to apportion the amount received from the bonding company between the defrauded cestuis que trustent and the equally abused depositors. The Secretary of Banking, as receiver of Royersford Trust Company, has taken the opposite view and has

included the amount recovered as a general asset of the trust company. We have accordingly examined with more thought and care the bond above mentioned, and have come to the conclusion that the receiver is legally right, although we still adhere to our views as to the equities of the situation.

If the full amount recovered from the bonding company is a general asset of the closed bank, and we so hold, then the receiver has given the notice of the filing of his account, as required by law, and the court has no power to allow exceptions nunc pro tunc.

And now, November 23, 1934, for the foregoing reasons, the rule granted on May 21, 1934, to show cause why the prayer of the petition should not be granted and the exceptions allowed to be filed nunc pro tunc, is discharged.

From Aaron S. Swartz, Jr., Norristown, Pa.